UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| KODY GAMBREL,<br><br>        Plaintiff,<br><br>    v.<br><br>TWIN FALLS COUNTY; ANDREW HEIKKILA, an individual; BRADLEY TERRY, an individual; STACEY THOMAS, an individual; JIMMY ADAMS, an individual; and JOHN DOES 1-10,<br><br>        Defendants. | CIV. NO. 1:12-369 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO AMEND |

----oo0oo----

Plaintiff Kody Gambrel brought this civil rights action against defendant Twin Falls County and several defendants in their individual capacities arising out of injuries he suffered as an inmate at the Twin Falls County Jail. Plaintiff now moves for leave to file an amended Complaint.

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should

1

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, once a scheduling order has been entered pursuant to Rule 16(b), the more restrictive provisions of that subsection requiring a showing of 'good cause' for failing to amend prior to the deadline in that order apply." Robinson v. Twin Falls Highway Dist., 233 F.R.D. 670, 672 (D. Idaho 2006) (Winmill, J.); accord Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking an amendment and the prejudice to the opposing party, the 'good cause' standard set forth in Rule 16 primarily focuses on the diligence of the party requesting the amendment." Sadid v. Vailas, 943 F. Supp. 2d 1125, 1138 (D. Idaho. 2013) (Winmill, J.) (citing Johnson, 975 F.2d at 607).

Plaintiff's amended complaint differs from his initial complaint in five basic respects: (1) it names Sherriff Tom Carter in his official capacity; (2) it indicates whether the six individual defendants are sued in their individual and/or official capacities; (3) it omits the Doe defendants named in the initial Complaint; (4) it no longer includes state-law negligence or spoliation claims; and (5) it includes four separate claims for relief under 42 U.S.C. § 1983. (Compare Compl. (Docket No. 1) with Proposed First Am. Compl. ("Proposed FAC") (Docket No. 21-4).) Defendants do not object to the first four amendments. (See Defs.' Opp'n at 4 (Docket No. 22).)

Defendants oppose plaintiff's amended complaint insofar as it separates the Section 1983 claim into four separate claims: an excessive force claim; a deliberate indifference claim; a

failure-to-train claim; and a claim that Carter ratified the unlawful acts of his subordinates in his capacity as a final policymaker for Twin Falls County.  (See Proposed FAC ¶¶ 178-209.)  In particular, defendants object that the failure-to-train claim and ratification claim rely on "new theories which were not fully explored during discovery."  (Defs.' Opp'n at 4.)

Although defendants contend that the timing of the amended complaint shows a lack of diligence, plaintiff indicates that these amendments could not have been filed earlier because they reflect information that plaintiff obtained from depositions that it conducted "up until the discovery cutoff date."  (Pl.'s Mem. at 3 (Docket No. 21-2).)  As Judge Lodge has noted, this is a textbook example of "good cause."  See, e.g., Mays v. Stoble, Civ. No. 3:08-552 EJL CWD, 2010 WL 5110083, at *5 (D. Idaho Dec. 7, 2010) ("If a party does not learn of information necessary to amend its complaint until after the scheduling order deadline, no amount of diligence would allow the party to seek amendment before the expiration of the deadline.").  And while defendants correctly note that plaintiff did not seek leave to amend until after the discovery cutoff date had passed, they cite no authority for the proposition that a proposed amendment filed after the discovery cutoff date is per se not diligent.

Defendants also contend that they would be prejudiced by amendment because plaintiff's failure-to-train and ratification claims are new theories of which they lacked notice and on which they did not conduct discovery.  (Defs.' Opp'n at 5.)  However, plaintiff's initial Complaint did include a section with a heading, in bold lettering, reading "Twin Falls County Is

3

Liable." (Compl. at 13.) That section alleges that Twin Falls County was under the "direction and control" of Sheriff Tom Carter, (id. ¶ 166), that the conduct detailed in the complaint was a "product of the policies or customs implemented by Twin Falls County," (id. ¶ 167), and that these policies or customs included, inter alia, "failure to appropriately train jail personnel," (id. ¶ 169).

At a bare minimum, those allegations placed defendants on notice of the potential need to take discovery on whether Twin Falls County failed to adequately train its employees, whether those employees' conduct was pursuant to an official custom or practice, and how Carter and other employees "direct[ed] and control[led]" their subordinates. (See id. ¶ 166.) Further, even if the initial Complaint did not use the term "ratification," it still alleged the essential elements of a ratification claim--namely, that Carter, an official with final policymaking authority, approved of the actions of subordinates who were subject to his direction and control. See City of St. Louis v. Prapotnik, 485 U.S. 112, 128 (1988). And because any information relating to Carter's alleged ratification of the behavior of his subordinates is presumably within defendants' control, they would not be prejudiced by plaintiff's assertion of a ratification theory even if plaintiff had not alleged the elements of that theory in the initial Complaint.

Accordingly, because plaintiff has demonstrated "good cause" to amend his Complaint, see Fed. R. Civ. P. 16(b), the court will grant his motion for leave to file an amended Complaint.

As the court indicated at oral argument, plaintiff's proposed amendments may impact several summary judgment motions that are currently pending. Because plaintiff no longer asserts a state-law spoliation claim in his amended Complaint, the court will deny as moot defendant's motion for summary judgment on that claim, (see Docket No. 24), and will do so without prejudice to a later motion seeking a jury instruction related to spoliation or other discovery sanctions. In addition, plaintiff agreed at oral argument to withdraw without prejudice its motion for summary judgment concerning defendant's affirmative defenses. (See Docket No. 26.) The court will therefore deny that motion without prejudice to an analogous motion based on defendant's answer to the amended Complaint.

Defendants have also moved for summary judgment on plaintiff's deliberate indifference claim. (Docket No. 23.) Plaintiff's proposed amended Complaint asserts a deliberate indifference claim only against the individual-capacity defendants, and not against Carter or Twin Falls County. At oral argument, the parties agreed that the pending summary judgment motion is applicable to that claim, but disputed whether it is applicable to the failure-to-train or ratification claims to the extent that those claims are predicated on deliberate indifference to plaintiff's medical needs. Because the summary judgment motion only concerns the claim as it is pled against the individual-capacity defendants, the court's resolution of that motion would not preclude defendants from bringing a later motion for summary judgment on plaintiff's ratification and failure-to-train claims. The court will therefore consider the pending

5

motion for summary judgment on plaintiff's deliberate indifference claim, and will inform the parties if it believes that oral argument will be of material assistance.

In light of its decision to grant leave to amend, the court will grant defendants leave to conduct additional discovery and to file additional motions on plaintiff's failure-to-train and ratification claims. In the event that the parties cannot agree upon an amended discovery deadline and dispositive motions deadline, or in the event they cannot agree upon the scope or extent of additional discovery necessary to allow defendant to respond to the new allegations, either plaintiff or defendants may request that the court extend or define the terms of the discovery and/or dispositive motion deadline.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on defendants' affirmative defenses be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' motion for summary judgment on plaintiff's spoliation claim be, and the same hereby is, DENIED AS MOOT without prejudice to later arguments concerning appropriate sanctions for spoliation of evidence.

Plaintiff shall file an amended complaint within seven days of the date this Order is signed. The parties shall file a stipulation setting forth an amended discovery deadline and amended dispositive motions deadline, or a joint statement that they cannot agree on those dates, within fourteen days of the

date this Order is signed.

Dated: April 22, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE